### H. K. SMITH V. JAMES G. CORRIGAN.

FILED NOVEMBER 16, 1904. NO. 13,630.

Pleadings and evidence examined, and *held* that instruction complained of was not erroneous.

ERROR to the district court for Buffalo county: CHARLES L. GUTTERSON, JUDGE. *Affirmed.*

*Hamer & Hamer,* for plaintiff in error.

*H. M. Sinclair,* contra.

LETTON, C.

This action was brought by the plaintiff in error to recover the value of two horses which he alleges the defendant, Corrigan, together with one J. H. Glazier, took in the fall of 1894 to winter in Cherry county, Nebraska; that afterwards the defendant purchased all of Glazier's interest in the business, and in May, 1895, Corrigan returned to him one of his horses, but that he told plaintiff that, while on the way down from Cherry county with a number of horses, the other two belonging to plaintiff had broken away from the bunch, and that as soon as he disposed of the other horses he would go back and get these. That defendant did not try to get the horses, but allowed them to become lost. He asks judgment for their value. The answer was a general denial. A verdict and

judgment in favor of defendant were rendered, and the plaintiff prosecutes error to this court.

The only ground of complaint alleged in the plaintiff's brief is that the trial court's theory of the case was wrong, and that the issues presented to the jury were not in the case. He argues that the plaintiff's right to recover was based upon the failure of Corrigan to perform the promise to go up to Cherry county and get the two horses which had strayed, and that, consequently, the third instruction given by the court which recited, in substance, the allegations of the petition, and instructed the jury that, if the plaintiff had established all of these facts by a preponderance of the evidence, then he was entitled to recover the reasonable value of the horses, but, on the contrary, if he has not so established such facts they should find for defendant, was erroneous, because not properly stating the issue.

The evidence showed that Glazier and Corrigan, in company with each other, took a number of their own horses and horses belonging to others from the neighborhood in which they lived in Buffalo county to Cherry county to winter, feed being scarce in the locality in which they lived. The plaintiff asserts that in this enterprise Glazier and Corrigan were jointly interested, and that his contract was made with them jointly. On the other hand, both Corrigan and Glazier testify that, while they took the horses to Cherry county together and kept them in the same herd upon the range and fed them together, still, that each bunch of horses was branded in a different manner, that each individual hired men to take care of his own part of the stock, and that there was no partnership or joint interest between them; that the contracts each had made with parties in Buffalo county to winter stock were made upon their individual account, and not made in partnership. This evidence was corroborated by other witnesses. Upon this testimony the jury found for the defendant, and it is not claimed that the evidence is not sufficient to sustain the verdict.

Smith v. Corrigan.

Whatever the intention of the pleader may have been, the record clearly shows that the case was tried upon the theory that the allegations of the petition, that the contract was made jointly with Corrigan and Glazier, that Corrigan afterwards purchased Glazier's interest in the contract, and that Corrigan negligently allowed the horses to stray and become lost, were the material facts required to be proved by the plaintiff in order to recover. If, as is now stated, the intention of the pleader was to base the right to recover upon the failure to perform the promise to go up to Cherry county and get the horses, it is sufficient to say that upon this allegation alone no recovery could be had; such a promise made without consideration by a party upon whom rested no duty or obligation to perform the same being a mere *nudum pactum*. However, it is evident from the pleadings, from the proceedings of counsel in the introduction of testimony and in their objections to the same, from the rulings of the court, and from its instructions to the jury that the case was actually tried by all parties upon the theory that the issue was whether Corrigan and Glazier were joint contractors, as set forth in the petition. This being the fact, no error was made in the instruction complained of, and the case was properly submitted to the jury. We find no error in the record, and recommend that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.